# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY BEARD, et al., <br><br> Defendants. | Case No.: 16cv2713-MMA (KSC) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> [Doc. No. 40] |

Plaintiff Columbus Allen, Jr., a California state prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging various violations of his Eighth Amendment right to adequate medical care by more than a dozen individual defendants. *See* Doc. No. 1. Defendants J. Clark Kelso, M. Ayala, J. Dogonyaro, K. Reilly, P. Nava, K. Allen, G. Hernandez, M. Voong, B. Paul, G. Chavarria, W. Montgomery, E. Estock, C. Espitia, J. Lewis, S. Kernan, J. Beard, and Hull (erroneously sued as Hall) previously moved to dismiss Plaintiff's claims against them. *See* Doc. Nos. 26, 28, 35. Plaintiff failed to respond to Defendants' motions, and the Court granted the motions and dismissed his claims against these Defendants without prejudice. *See* Doc. No. 38. Plaintiff now moves for reconsideration by the Court of its dismissal order. *See* Doc. No. 40. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

1

## DISCUSSION

**1. Legal Standard**[1]

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. *See* Fed. R. Civ. P. 59(e). A motion under Rule 59(e) seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 205 (9th Cir. 1988). Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Rule 60(b)(6) provides that a motion for "relief from judgment or order" may be granted "for any other reason justifies relief." Fed. R. Civ. P. 60(b).

To carry the burden of proof, the party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). A motion for reconsideration may not be used as a vehicle to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *See Exxon Shipping Co. v. Baker*, 544 U.S. 471, 486-87 (2008); s*ee also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

---

[1] Although Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 60(b)(6), a timely motion for reconsideration may be brought under either Rule 59(e) or Rule 60(b). *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

### 2. *Analysis*

Plaintiff seeks reconsideration of the Court's dismissal order, arguing that dismissal of his claims "conflicts with this Court's express finding that Plaintiff stated a claim sufficient to survive requisite 28 U.S.C. § 1915(e)(2), and 1915A(b) screening." Doc. No. 40 at 1. Plaintiff asserts that he believed no response to Defendants' motions was necessary because Defendants' motions to dismiss were "an attack" on the Court's screening order, such that Plaintiff "expected an order denying Defendants' motion[s] to dismiss as frivolous with a warning for sanctions for future disregard of the Court's time and resources." *Id*. at 7. This argument is quickly disposed of, as "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Plaintiff also laments his lack of a copy of this District's Local Rules, which he claims contributed to his apparent misunderstanding of the requirement that he respond to Defendants' motions. *Id*. at 4. However, the Local Rules merely set forth the ordinary deadline for opposing a motion. *See* SD CivLR 7.1.e. The Court specifically advised Plaintiff in its screening order that Defendants would be responding to his complaint pursuant to Federal Rule of Civil Procedure 12. *See* Doc. No. 3 at 7 (ordering "Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a)."). Moreover, Plaintiff concedes that he has a 2009 copy of the Federal Rules of Civil Procedure at his disposal. *See* Doc. No. 40 at 4. Even a cursory review of Rule 12 makes clear that a defendant may assert several types of defenses in a motion, and if so, the motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, Plaintiff was on notice that any of the named defendants could respond to Plaintiff's complaint by filing a motion to dismiss his claims.

Plaintiff is not a stranger to motion practice, including those challenging the plausibility of his claims under Rule 12(b). Rather, Plaintiff is a seasoned litigant who

3

16cv2713-MMA (KSC)

has prosecuted multiple previous federal civil rights actions. *See, e.g., Allen v. County of Stanislaus*, Case No. 1:13-cv-00012-DAD-SAB (E.D. Cal.); *Allen v. Cheung*, Case No. 1:09-cv-00930-AWI-JLT (E.D. Cal.); *Allen v. Kernan*, Case No. 3:16-cv-1923-CAB-JMA (S.D. Cal.). Thus, his alleged unfamiliarity with litigation generally, the rules applicable to civil cases, and the requirement that he support his claims, is suspect at best.

The Court also notes that Plaintiff has previously failed to oppose motions to dismiss his claims, been advised by the court of his need to actively litigate his case, and then later sought relief based on similar arguments which he raises in his current motion for reconsideration. *See* Doc. No. 35 at 2, Case No. 1:13-cv-00012-DAD-SAB (E.D. Cal.) (asserting that he failed to oppose the defendants' motion to dismiss because he construed their motion as "an attempt to delay the filing of an answer."). As such, Plaintiff's contention of ignorance of the applicable law and procedure is not credible. In any event, "ignorance of the law, even for an incarcerated *pro se* prisoner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Finally, and importantly, Plaintiff has not otherwise demonstrated any meritorious substantive basis for relief under the applicable legal standards, and has therefore not met his burden as the party moving for reconsideration. Mindful of its duty to "construe *pro se* pleadings liberally," *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), the Court has carefully considered Plaintiff's motion, and finds that Plaintiff fails to assert any legally cognizable basis to support reconsideration of the Court's previous ruling.

### Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

DATE: November 29, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge