UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR., II,<br><br>                           Plaintiff,<br>v.<br><br>JEFFREY BEARD, et al.,<br><br>                          Defendants. | Case No.: 16cv2713-MMA(KSC)<br><br>**ORDER RE PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF A MEDICAL EXPERT AND VOLUNTARY COUNSEL**<br><br>**[Doc. No. 53]** |

      Plaintiff Columbus Allen, Jr., II, a state prisoner proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, alleging that prison officials and medical staff violated his constitutional rights. [Doc. No. 1.] Before the Court is plaintiff's Request for a Court Appointed Expert and Request for Voluntary Counsel Assistance. [Doc. No. 53.] For the reasons outlined more fully below, the Court finds that plaintiff's requests for the appointment of counsel and a medical expert must be DENIED. [Doc. No. 53.]

### *Background*

      Plaintiff's Section 1983 Complaint alleges that a number of prison officials and medical staff violated his Eighth and Fourteenth Amendment rights beginning in July 2015 by acting with deliberate indifference to his wrist pain. The Complaint also

includes alleged violations of state law. In an Order filed on September 13, 2017, the District Court dismissed claims against the other defendants served in the action, but permitted plaintiff to re-attempt service of process on Dr. Lai, and one other named defendant. [Doc. No. 38, at p. 3.]

Currently pending before the District Court is Dr. Lai's Motion for Judgment on the Pleadings. [Doc. No. 56.] In this Motion, Dr. Lai argues that plaintiff's Complaint is time barred by the one-year statute of limitations in California Code of Civil Procedure Section 340.5. [Doc. No. 56, at p. 1.]

The Complaint alleges that plaintiff began to suffer pain and swelling in his wrists in July 2015 and consulted with his primary care physician. X-rays ordered by his primary care physician were negative for fractures. Plaintiff was given a wrist brace, referred to an orthopedist, and directed to restrict his physical activities for ten days before returning to work. [Doc. No. 1, at p. 7.] On September 10, 2015, plaintiff claims he consulted with Dr. Lai, who is contracted to provide orthopedic health care to inmates. Dr. Lai initially diagnosed plaintiff with "tenosynovitis." [Doc. No. 1, at p. 7.] To treat the pain and swelling, Dr. Lai gave plaintiff a "shot" and denied plaintiff's request for an MRI to obtain "a definite diagnosis." [Doc. No. 1, at p. 7.] Plaintiff alleges that Dr. Lai failed to disclose the consequences and possible side effects of the shot and other available options and did not obtain his informed consent to proceed with the injection. [Doc. No. 1, at pp. 7-10.]

On September 11, 2015, plaintiff alleges he became ill and sought medical care. One of his symptoms was a "deformity" at the injection site. At this time, a nurse disclosed that plaintiff had been given a "steroid shot" by Dr. Lai, and this was the "possible cause" for his symptoms. [Doc. No. 1, at p. 8.]

On September 24, 2015, plaintiff claims that he returned to Dr. Lai. This time, Dr. Lai ordered an MRI, which revealed "mild arthritis." [Doc. No. 1, at p. 8.] Plaintiff obtained from Dr. Lai a directive for "modified duty" in the hope of "obtaining accommodations at work." [Doc. No. 1, at p. 8.] Dr. Lai also recommended referral to a

hand specialist. [Doc. No. 1, at p. 8.] Despite Dr. Lai's recommendation, plaintiff was advised by prison officials that he "could report to his assigned area and perform his regular tasks." [Doc. No. 1, at p. 8.] Later, in 2016, plaintiff consulted with a hand specialist, who performed a "release procedure" and "administered a steroid shot" with no resulting illness or deformity. [Doc. No. 1, at pp. 12-13.]

As a result of his alleged failure to obtain plaintiff's informed consent for the injection, plaintiff alleges that Dr. Lai breached various duties under California statutory law. [Doc. No. 1, at p. 14.] Plaintiff also alleges that Dr. Lai's "wrongful actions" violated his Eighth Amendment right to be free of cruel and unusual punishments. [Doc. No. 1, at pp. 7, 14-15.] According to the Complaint, Dr. Lai's actions demonstrate "deliberate indifference" to plaintiff's rights, because he should have known there was an "unreasonable risk of detriment to plaintiff." [Doc. No. 1, at pp. 14-15.]

I.  *__Plaintiff Request for the Appointment of a Medical Expert.__*

Plaintiff believes his case involves "complex medical and scientific matters." [Doc. No. 53, at p. 2.] He argues that expert testimony is "required" to assist the Court, because he has no other means to provide the Court with the standard of care that applies to medical professionals in circumstances similar to those alleged in this case against Dr. Lai. [Doc. No. 53, at p. 2.] Plaintiff also contends that an expert is needed to interpret and authenticate medical evidence contained in documents "reflecting an independent's doctor's observance of the physical injury alleged" as a result of the injection. [Doc. No. 53, at p. 3.] In addition, plaintiff argues that expert testimony is needed about the standard of care "relative to informed consent disclosure and documenting obligations established under a vast amount of statutes and regulations which may or may not be applicable. . . ." [Doc. No. 53, at p. 3.]

The Eighth Amendment, which prohibits "cruel and unusual punishment," imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993). "However, every injury suffered by an inmate does not

3

necessarily translate into constitutional liability for prison officials." *Osolinski v. Kane*, 92 F.3d 934, 936-937 (9th Cir. 1996). The U.S. Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

To assert an Eighth Amendment claim for the deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the objective requirement, the plaintiff must allege a deprivation or risk that is "sufficiently serious." *Id.* "[A] prison official's acts or omissions must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* The risk that the prisoner complains of must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling*, 509 U.S. at 36.

The subjective requirement relates to the state of mind of prison officials because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. at 834. Facts alleged must be sufficient to show "deliberate indifference" to the health or safety of an inmate. *Id.* "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.* at 845.

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. . . ." Fed.R.Evid. 702(a). The *in forma pauperis* statute, Title 28, United States Code, Section 1915, does not authorize the expenditure of public funds for expert witnesses. 28 U.S.C. § 1915. However, under Federal Rule of Evidence 706, a District Court does have discretion to appoint an expert witness on its own motion or on the motion of any party. Fed.R.Civ.P. 702(a). In

addition, Federal Rule of Evidence 706 specifies the means by which an appointed expert must be compensated. A court-appointed expert "is entitled to a reasonable compensation, as set by the court . . . payable . . . by the parties in the proportion . . . that the court directs–and the compensation is then charged like other costs." Fed.R.Civ.P. 706(c)(2). Thus, a District Court may in its discretion apportion all of the costs of an appointed expert to one side in an appropriate case. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *overruled on other grounds* by *Helling v. McKinney*, 502 U.S. 903 (1991).

Rule 706 "only allows a court to appoint a neutral expert." *Gorton v. Todd*, 793 F.Supp.2d 1171, 1177 (E.D. Cal. 2011). In other words, a party may not seek appointment of an expert witness by the Court "for his own benefit. . . ." *Id.* at 1177 n.6. "Expert witnesses are rarely appointed under Rule 706 because the adversary system is usually sufficient to promote accurate factfinding." *Id.* at 1182. However, a District Court "should consider appointing an expert witnesses when, through the course of litigation, it becomes apparent that unbiased expert testimony will aid the trier of fact in making an accurate factual determination. . ." on a central issue in the case. *Id.* at 1182 n.10. "The Rule is drafted to avoid [the] situation where the only reason why a case would not proceed to trial is the presence or absence of an expert witness rather than the merits of a plaintiff's claim." *Id.* at 1181 n.9.

For example, it would be appropriate for a District Court to appoint an expert "to avoid a wholly one-sided presentation of opinions" when an indigent prisoner plaintiff raises a complex and potentially viable claim of deliberate indifference to a serious medical need, but cannot, despite diligence, obtain a medical expert to present evidence of the appropriate standard of care. *Id.* at 1179-1186. Appointment of a neutral expert would also be appropriate when a material issue in the case requires consideration of complex scientific evidence. *Id.* at 1179.

On the other hand, a jury in the usual case is capable of evaluating whether prison officials were deliberately indifferent without the aid of an expert. *Id.* at 1180.

"[D]eliberate indifference" does not typically "demand that the jury consider probing, complex questions" that would require the assistance of an expert with specialized knowledge. *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997). "[W]hether a prison official acted with deliberate indifference depends on that official's state of mind," so an expert would not be able to testify that a prison official was "deliberately indifferent" without giving "a false impression" that the expert knows the answer, when it is the trier of fact that must decide the issue. *Woods v. Lecureaux*, 110 F.3d 1215, 1221 (6th Cir. 1997). Nor is there any requirement that a prisoner plaintiff present expert testimony in order to prevail on a constitutional claim under Section 1983. *McCabe v. Prison Health Services*, 117 F.Supp.2d 443, 451-452 (E.D. Pa. 1997) (acknowledging that expert testimony could be necessary on the issue of severity of a medical need if the trier of fact would not be able to decide whether a medical condition is "serious" enough to implicate the Eighth Amendment but stating that "[n]o expert needs to tell a layperson that four years of suffering from chronic and severe leg pain is serious").

Based on plaintiff's arguments and the allegations in the Complaint, it is apparent that plaintiff does not seek the appointment of a neutral expert to aid the Court in making an accurate factual determination on material issues in his case. Rather, plaintiff seeks appointment of a medical expert by the Court to act as an advocate to help him to prepare and present his case. As outlined above, plaintiff is not entitled to a Court-appointed expert to advocate his case.

There is also nothing to indicate that testimony by a medical expert is needed at this time to make an accurate factual determination on a key issue in the case. At this time, the only substantive matter being considered by the Court is Dr. Lai's Motion for Judgment on the Pleadings, which argues that plaintiff's Complaint is barred by the applicable statute of limitations. No medical evidence is necessary to resolve this Motion. Nor is there anything thus far to indicate that plaintiff's allegations against Dr. Lai raise "probing, complex questions" or "consideration of complex scientific evidence." *Ledford v. Sullivan*, 105 F.3d at 359. Rather, the factual allegations raised in

the Complaint, if proved, do not appear to be so complex that they are beyond a lay person's grasp. Plaintiff's allegations against Dr. Lai involve only a single steroid injection that allegedly injured plaintiff. Therefore, the Court finds that plaintiff's request for the appointment of a medical expert witness must be DENIED at this time. However, this decision is without prejudice to another request by plaintiff at a point in the litigation where evidence is being evaluated if plaintiff is able to show that testimony by a neutral medical expert is necessary for the trier of fact to comprehend a material issue in the case. *See, e.g., Gorton v. Todd*, 105 F.3d at 1185.

## II. *Plaintiff's Request for Assistance of Counsel.*

Plaintiff requests that the court appoint counsel, because it "would substantially increase the Court's ability to understand the medical and scientific evidence relative to the applicable informed consent statutes and regulations. . . ." [Doc. No. 53, at p. 4.] In addition, plaintiff argues that counsel should be appointed because he has no other means "to pursue the factual investigation with the degree of expertise necessary to promote a fair trial. . . ." [Doc. No. 53, at p. 5.] This is plaintiff's second request for the appointment of counsel in the case. [Doc. Nos. 31, 37.]

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N.C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

In this case, there is no basis to support a finding of exceptional circumstances at this time. First, the record is not sufficiently developed so that the Court can make a determination on the likelihood of success on the merits.

Second, a *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by plaintiff's incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Third, there is nothing from which the Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se*. The allegations in the Complaint are clearly stated and they survived initial screening. [Doc. No. 1; Doc. No. 3, at pp. 5-6.] Numerous exhibits are also attached to the Complaint to assist the Court in evaluating plaintiff's allegations. [Doc. No. 1, at pp. 25-135.] In addition, the District Court noted in its Order Denying Plaintiff's Motion for Reconsideration that plaintiff is a "seasoned litigant who has prosecuted multiple previous federal civil rights actions." [Doc. No. 49, at pp. 3-4.] Thus far, plaintiff has shown an ability to effectively articulate his claims and communicate with the Court in this action.

Fourth, the allegations in the Complaint are not complex. Plaintiff alleges that defendants violated his rights under the Eighth and Fourteenth Amendments, because they were deliberately indifferent to his serious medical needs. [Doc. No. 1.]

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

///

## *CONCLUSION*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Request for a Court Appointed Expert is DENIED. Plaintiff's Request for Voluntary Counsel Assistance is also DENIED. [Doc. No. 53.]

IT IS SO ORDERED.

Dated: September 12, 2018

Hon. Karen S. Crawford
United States Magistrate Judge