# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN JR.,<br><br>                      Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et.al.,<br><br>                      Defendant. | Case No.: 3:16-cv-2713-MMA-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>[Doc. No. 56] |

Columbus Allen Jr. ("Plaintiff"), currently incarcerated at California State Prison in Calipatria ("CSP-CAL") and proceeding in *pro se*, constructively filed this action on October 25, 2016.[1] *See* Doc. No. 1 ("Complaint") at 139.[2] Doctor Christopher Lai ("Defendant") answered the Complaint on November 17, 2017. *See* Doc. No. 48. Defendant now moves for partial judgment on the pleadings as to Plaintiff's professional

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); *Douglas v. Noelle*, 567 F.3d 1103, 1104 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, Plaintiff signed the Complaint on October 25, 2016.

[2] All citations refer to the document and pagination assigned by the CM/ECF system.

negligence claim.[3]  *See* Doc. No. 56 ("Motion").  For the reasons set forth below, the Court **GRANTS** Defendant's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that Defendant was professionally negligent by failing to obtain Plaintiff's informed consent before administering a shot on September 10, 2015.[4] Plaintiff consulted Defendant on September 10, 2015, about pain and swelling in his wrist.  Plaintiff alleges Defendant administered a shot to his wrist and Defendant voiced only his desire to "reduce the swelling," but did not disclose any information about the shot, its possible side-effects, or his qualifications to administer it.  *See* Complaint at 7. On September 11, 2015, Plaintiff had stomach pain, bloody and green stool, and a "deformity" at the injection site, so he filed a health care service request form.  *See id.* at 8, 66.  Plaintiff consulted with Nurse Ramirez on September 14, 2015, who revealed that the shot was a steroid shot and possibly the cause of Plaintiff's symptoms.

The following day, September 15, 2015, Plaintiff filed a patient-inmate health care appeal claiming "no informed consent."  *See id.* at 104.  California Correctional Health Care Services ("CCHCS") issued a first level appeal decision on October 16, 2015, and a second level appeal decision on December 7, 2015, finding that Defendant properly obtained Plaintiff's informed consent prior to administering the shot.  Plaintiff exhausted the inmate appeals process when CCHCS denied his third and final appeal on March 25, 2016.  The California Victims Compensation Board ("the Board") received Plaintiff's claim on March 10, 2016, and denied his claim on April 29, 2016.  Plaintiff served Defendant with a notice of intent to sue on May 31, 2016.

---

[3] Plaintiff clearly alleges these six causes of action against Defendant Lai.  However, Defendant only addresses Plaintiff's professional negligence claim in the current motion.  As such, the Court construes Defendant's motion as seeking partial judgment on the pleadings.

[4] Because the matter is before the Court on a partial motion for judgment on the pleadings, the Court must accept as true the allegations set forth in the Complaint. *Smith v. Nat'l Steel & Shipbuilding Co.*, 125 F.3d 751, 753 (9th Cir. 1997).

2

Plaintiff filed this action on October 25, 2016, asserting six causes of action against Defendant: (1) battery, (2) a violation of his 8th Amendment rights against cruel and unusual punishment, (3) a deprivation of his constitutional right to due process, (4) a violation of California Civil Code Section 52.1, (5) negligence per se, and (6) professional negligence. *See* Complaint at 14. Defendant filed an Answer on November 17, 2017. *See* Doc. No. 48.

Defendant now moves for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that Plaintiff's professional negligence cause of action is time-barred by the applicable statute of limitations. Defendant contemporaneously requests that the Court take judicial notice of (1) Plaintiff's Complaint and its attached Exhibits labeled as Exhibit 1, and (2) the civil cover sheet to the Complaint, labeled as Exhibit 2. *See* Doc. No. 56-2. Plaintiff constructively filed an opposition to the motion on July 31, 2018. *See* Doc. No. 59. Plaintiff then filed an amended opposition on August 9, 2018, where he included an argument for tolling the applicable statute of limitations based on fraud, and attached Defendant's responses to Plaintiff's requests for admissions. *See* Doc. No. 60 ("Opposition"). Lastly, Defendant filed a reply in support of his motion on September 10, 2018. *See* Doc. No. 61 ("Reply"). In addition to the reply, Defendant filed a second request for judicial notice, asking the Court to take judicial notice of Plaintiff's sentence. *See* Doc. No. 61-1 at 3.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) states, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). If the court must go beyond the pleadings to resolve an issue, the proceeding must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). There are two exceptions to this rule, a court may consider evidence beyond the pleadings when (1) it takes judicial notice under Federal Rule of Evidence 201, or (2)

3

3:16-cv-2713-MMA-KSC

material is incorporated by reference to the complaint. *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018).

The analysis under Rule 12(c) is substantially identical to an analysis under Rule 12(b)(6). Under both rules a court must decide whether, taking the facts alleged in the complaint as true, the plaintiff is entitled to a legal remedy. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A court "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A motion for judgment on the pleadings should be granted "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming*, 581 F.3d at 925.

## DISCUSSION

### I. Request for Judicial Notice

Defendant requests that the Court take judicial notice of Plaintiff's Complaint and supporting Exhibits, attached to their request as Exhibit 1, and the civil cover sheet, attached as Exhibit 2. *See* Doc. No. 56-2 ("RJN 1") at 1. Additionally, in support of his reply brief, Defendant asks the Court to take judicial notice of Plaintiff's sentence per the California Department of Corrections and Rehabilitation ("CDCR") Inmate Locator, which is attached to their second request as Exhibit 1. *See* Doc. No. 61-1 ("RJN 2") at 1. Plaintiff does not oppose either request.

A court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja,* 899 F.3d at 999; *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986). However, a court cannot take judicial notice of disputed facts in public records. *Id.* Exhibits attached to

the complaint are part of the complaint for all purposes, *see* Fed. R. Civ. P. 10(c); *Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir. 2001), therefore, the Court does not need to take judicial notice of them.

With regard to Defendant's request that the Court take judicial notice of the Complaint, the Exhibits attached to the Complaint, and the civil cover sheet, these documents are already "part of the pleadings for all purposes," and the Court does not need to take further judicial notice of them. Fed. R. Civ. P. 10(c); *Lee* 250 F.3d at 688. Therefore, the Court **DENIES AS MOOT** Defendant's request for judicial notice with respect to Exhibits 1 and 2.

Turing to Defendant's request that the Court take judicial notice of Plaintiff's life sentence, courts have been reluctant to take judicial notice of documents supporting arguments in the reply brief because the non-moving party does not get a chance to respond. *See Martinez v. Extra Space Storage, Inc.*, No. C 13-00319 WHA, 2013 U.S. Dist. LEXIS 105079, at *4 (N.D. Cal. July 26, 2013); *Gutierrez v. Young Bae Chung*, No. 1:12-cv-01854-LJO-GSA, 2013 U.S. Dist. LEXIS 24087, at *17 (E.D. Cal. Feb. 21, 2013); *see also* N.D. Cal. Civil L.R. 7-3 (stating if new evidence is raised in a reply brief, the opposing party gets time to file an objection to reply evidence). However, other courts have taken judicial notice of documents filed in support of arguments raised in the reply brief. *See Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2013 U.S. Dist. LEXIS 25615, at *10 (N.D. Cal. Feb. 25, 2013); *Natomas Gardens Inv. Grp. Ltd. Liab. Co. v. Sinadinos*, 2009 U.S. Dist. LEXIS 39907, at *27 n.7 (E.D. Cal. May 12, 2009). In the instant case, the Court **GRANTS** Defendant's request to take judicial notice of Plaintiff's sentence. *See Garland v. Hoffman*, No. CV 15-02766-FMO (KK), 2016 U.S. Dist. LEXIS 25522, at *4 n.2 (C.D. Cal. Jan. 28, 2016) (taking judicial notice of a plaintiff's sentence); *see also McClain v. Brosowske*, No. EDCV 17-2377 MWF (SS), 2018 U.S. Dist. LEXIS 67244, at *9 n.3 (C.D. Cal. Apr. 20, 2018) (taking judicial notice of information about the plaintiff on the inmate locator website because a court can take judicial notice of information on "'publically accessible websites' not subject to

reasonable dispute") (citing *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014)).

Additionally, in support of his claim for tolling based on fraud, Plaintiff attaches Defendant's responses to Plaintiff's request for admissions to his opposition. *See* Opposition at 6. Although Plaintiff does not explicitly request that the Court take judicial notice of the responses, construing a *pro se* prisoner's pleadings liberally, the Court might assume this is a request for judicial notice. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In any event, the Court finds Plaintiff's reference to these responses irrelevant. As such, the Court declines to take judicial notice of the responses. *See Shalaby v. Bernzomatic,* 281 F.R.D. 565, 571 (S.D. Cal. 2012) (declining to take judicial notice of irrelevant material).

## II. Defendant's Motion

Defendant argues that Plaintiff's claim against him is time-barred based on California's statute of limitations for actions involving professional negligence against a health care provider, as set forth in California Code of Civil Procedure Section 340.5. In response, Plaintiff argues three alternative theories. First, Plaintiff contends that the statute of limitations is tolled by Title 42 of the United States Code Section 1997(e). Second, Plaintiff argues that the statute of limitations under Section 340.5 commenced at a later date due to his lack of informed consent to the procedure. Lastly, Plaintiff claims that he can prove Defendant was fraudulent, thereby tolling the Section 340.5 statute of limitations.

### A. Commencement of the Statute of Limitations

California Code of Civil Procedure Section 340.5 provides in pertinent part:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the

6

3:16-cv-2713-MMA-KSC

> presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person.

Cal. Civ. Proc. Code § 340.5.[5] Section 340.5 contains two periods of limitation, both of which must be met. *Hills v. Aronsohn*, 152 Cal. App. 3d 753, 757-758 (1984). The three-year period commences when the plaintiff discovers the harmful effect, in other words, the physical manifestation of the wrongful act. *See Rose v. Fife*, 207 Cal. App. 3d 760, 768 (1989). "The negligent cause of that effect is not a concern for the three-year period." *See id.* The one-year period begins to run when (1) the injury physically manifests, and (2) the plaintiff is aware, or should be aware, of its negligent cause. *See id.* An injury, in the context of a claim based on lack of informed consent, is the occurrence of an undisclosed complication or side effect of the procedure. *See Warren v. Schecter*, 57 Cal. App. 4th 1189, 1201-2 (1997).

Plaintiff has satisfied the three-year statute of limitations because he filed this action within three years after physical manifestation of the injury. However, under Section 340.5, both the one-year and the three-year limitations periods must be met.[6] *See Hills*, 152 Cal. App. 3d at 757-758.

---

[5] Because Section 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions. However, the accrual date is governed by federal law. *See Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091 (2007). In California, the statute of limitations for an action for a personal injury caused by the wrongful or negligent act of another is two years from the date of accrual. Cal. Civ. Proc. Code § 335.1. Here, however, the claim at issue is professional negligence and not Plaintiff's other §1983 claims. Therefore, the state professional negligence statute of limitations and accrual date applies, and that is California Code of Civil Procedure Section 340.5. *See Marez v. Cty. of Stanislaus*, No. 1:14-CV-00662-KJM-SKO, 2015 U.S. Dist. LEXIS 2656, at *4 (E.D. Cal. Jan. 8, 2015) (applying Section 335.1 to 1983 claims and Section 340.5 to professional negligence claims).

[6] Plaintiff argues that he can prove fraud, thereby tolling the statute of limitations. *See* Opposition at 4. However, the tolling provisions listed in Section 340.5 only toll the three-year statute of limitations. Cal. Civ. Proc. Code § 340.5; *Dolan v. Borelli*, 13 Cal. App. 4th 816, 825 (1993); *see also Graham v. Hansen*, 128 Cal. App. 3d 965, 974 (1982) (holding that because only the one-year statute of limitations was at issue, any claim related to tolling or the three-year statute is irrelevant). Plaintiff is well within the three year statute of limitations, therefore, the Court need not determine whether Plaintiff has established fraud.

Plaintiff's injury manifested on September 11, 2015, when Plaintiff became ill with an allegedly undisclosed side effect of the shot. *See Warren,* 57 Cal. App. 4th at 1201-2. At issue is when Plaintiff became aware of the negligent cause of the injury. Defendant argues that Plaintiff knew, or at least should have known, of the purported negligence on September 15, 2015, when Plaintiff claimed lack of informed consent on his first-level health care appeal form. Plaintiff responds that the statute of limitations commenced on December 9, 2015, when he received CCHCS's second level appeal decision, in which CCHCS confirmed that Defendant needed Plaintiff's informed consent before administering the shot.

While Plaintiff may not have discovered the legal theory of informed consent until he received the appeals decision on December 9, 2015, this is irrelevant to the commencement of the statute of limitations. *See Graham v. Hansen*, 128 Cal. App. 3d 965, 972 (1982) (holding lack of knowledge of a legal theory of recovery is irrelevant as "[t]he statute of limitations is not tolled by belated discovery of legal theories, as distinguished from belated discovery of facts"). Rather, it begins when Plaintiff is alerted to the need for investigation of possible negligence – not when Plaintiff is able to confirm such negligence. *See Gutierrez v. Mofid,* 39 Cal. 3d 892, 897 (1985) (holding when the patient's "'reasonably founded suspicions [have been aroused],' and [he] has actually 'become alerted to the necessity for investigation and pursuit of [his] remedies' the one-year period for suit begins") (citing *Sanchez v. S. Hoover Hosp.*, 18 Cal. 3d 93, 102 (1976)).

Plaintiff may have suspected the negligent cause of his injury when he filed a health care service request form on September 11, 2015, where he described his symptoms and said "[he] thinks it is the shot." Complaint at 66. However by September 14, 2016, Plaintiff's "reasonably founded suspicions [were] aroused," *Sanchez*, 18 Cal. 3d at 102, because Nurse Ramirez told Plaintiff that the shot Defendant administered was a possible cause of Plaintiff's symptoms. Plaintiff confirmed his suspicions on September 15, 2015, when he filed an inmate heath care appeal, alleging lack of informed

consent. Plaintiff's appeal indicates he was certainly "alerted to the necessity for investigation," as he specifically stated that he was investigating Defendant's obligations by filing the appeal. *See* Opposition at 2, 4.

As explained above, the one-year statute of limitations period in which to bring a professional negligence claim commences when the injury physically manifests, and the plaintiff is aware, or should be aware, of its negligent cause. *See Rose* 207 Cal. App. 3d at 768. In this case, the pleadings establish that Plaintiff's injury manifested on September 11, 2015, and that he should have been aware of the negligent cause of the injury by September 15, 2015. Therefore, the one-year statute of limitations expired on September 15, 2016. Plaintiff filed this action on October 25, 2016, hence, the action is time-barred unless the limitations period was sufficiently tolled.

### B. Statutory Tolling

#### i. California Code of Civil Procedure § 364

Pursuant to California Code of Civil Procedure Section 364, "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." Cal. Civ. Proc. Code § 364(a). Section 364(d) provides that if a plaintiff serves the notice of intent to sue within the last 90 days of the one year statute of limitations under 340.5, then the statute of limitations is tolled for ninety days. *Id*. § 364(d); *see also Derderian v. Dietrick*, 56 Cal. App. 4th 892, 897-898 (1997).

Defendant contends that the statute of limitations is not tolled by Section 364 because Plaintiff served his noticed of intent to sue more than 90 days before the statute of limitations expired. Plaintiff served Defendant with a notice of intent to sue on May 31, 2016. As explained above, the statute of limitations expired on September 15, 2016; 90 days prior would have been June 17, 2016. Because the notice of intent to sue was *not* filed after June 17, 2016, within the last 90 days before the expiration of the statute of limitations, Section 364(d) does not toll the statute of limitations.

### ii. California Code of Civil Procedure § 352.1

Next, Defendant reasons that California Code of Civil Procedure Section 352.1 does not toll the statute of limitations because Plaintiff is serving a life sentence. *See* Reply at 3. Section 352.1 provides,

> if a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Civ. Proc. Code § 352.1(a); *see Belton v. Bowers Ambulance Serv.*, 20 Cal. 4th 928, 934 (1999). Courts have interpreted Section 352.1 to exclude prisoners serving life sentences without the possibility of parole from receiving the benefit of tolling, while prisoners serving life sentences with the possibility of parole are entitled to tolling.[7] *See Epps v. Grannis,* No. 10cv1949-BEN (MDD), 2011 U.S. Dist. LEXIS 154398, at *15 (S.D. Cal. Dec. 1, 2011); *see also Guerra v. Janda,* 2014 U.S. Dist. LEXIS 99701, at *27 (S.D. Cal. July 22, 2014) (finding Cal. Code Civ. Proc. § 352.1(a)'s plain language "simply does not apply" to a California prisoner "sentenced to a life term without the possibility of parole, or a straight life term"). As noted above, the Court judicially notices the fact that Plaintiff is serving a life sentence without the possibility of parole.

---

[7] In dicta, Ninth Circuit courts have expressed concern with excluding anyone imprisoned from Section 352.1, stating "[i]t is now clear that even those who are serving life sentences without possibility of parole can enjoy the fruits of their recoveries, which undermines the very basis for treating them differently at all." *Allen v. Barnes,* No. 98-56390, 2000 U.S. App. LEXIS 31925, at *7 (9th Cir. Dec. 5, 2000). At least one court in the Northern District of California has followed this dicta to extend Section 352.1 tolling to prisoners serving life sentences without the possibility of parole, because there is no guarantee that prisoners with the possibility of parole will ever be released. *See Roby v. Stewart*, No. C 08-01113-CW (PR), 2012 U.S. Dist. LEXIS 45541, at *7-8 (N.D. Cal. Mar. 30, 2012); *see also Ayala v. Ayers*, No. C 10-0979-JSW (PR), 2011 U.S. Dist. LEXIS 107983, at *5 (N.D. Cal. Sept. 22, 2011) (extending this to a plaintiff serving a death sentence). Ultimately, however, the circuit court has not yet applied Section 352.1 to prisoners serving life sentences without parole, therefore, the Court declines to do so today.

As a result, Section 352.1 does not toll the statute of limitations. *See Rideau v. Greenberg*, No. EDCV 11-1698-GW (DTB), 2013 U.S. Dist. LEXIS 97852, at *17 (C.D. Cal. Feb. 25, 2013) (dismissing as untimely the plaintiff's claims because he was serving a life sentence without the possibility of parole and "[s]tatutory tolling is unavailable . . . where the plaintiff has been sentenced to life in state prison").

### C. Administrative Tolling

Finally, Plaintiff argues that "tolling" is warranted under Title 42 of United States Code Section 1997(e) because he administratively exhausted his claims.[8] Section 1997(e) requires exhaustion for federal claims, and provides administrative tolling while a plaintiff is exhausting his federal claims. 42 U.S.C.S. § 1997e(a); *see also Soto v. Unknown Sweetman,* 882 F.3d 865, 875 (9th Cir. 2018) (holding "[t]olling is applicable during the time period in which an inmate is actively exhausting his administrative remedies"). As such, the Section 1997(e) exhaustion requirement and supplemental tolling provision do not apply to state law claims. *See Tapia*, 2006 U.S. Dist. LEXIS 86620, at *8 (holding that Section 1997e(a) does not apply to state law claims).

### D. Conclusion

In sum, Plaintiff's cause of action for professional negligence accrued on September 15, 2015. Therefore, Plaintiff needed to file suit by September 15, 2016. *See* Cal. Civ. Proc. Code § 340.5. Plaintiff constructively filed his Complaint on October 25, 2016. The statute of limitations is not tolled by Code of Civil Procedure Section 364

---

[8] Plaintiff mistakenly refers to tolling under Section 1997e as "equitable" tolling. *See* Opposition at 3. Equitable tolling for the Section 340.5 statute of limitations is not governed by Title 42 of the United States Code Section 1997(e), rather it is governed by California law. *See Tapia v. Alameda,* No. 1:03-CV-5422-AWI-SMS-P, 2006 U.S. Dist. LEXIS 86620, at *8 (E.D. Cal. Nov. 29, 2006). Courts have applied equitable tolling to the Section 340.5 one-year statute of limitations only upon a showing of (1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff. *See Gray v. Romero*, No. 1:13-cv-01473, 2017 U.S. Dist. LEXIS 7031, at *11 (E.D. Cal. Jan. 18, 2017) (applying equitable tolling doctrine to § 340.5 claim). However, Plaintiff has not argued he is entitled to tolling on these grounds, nor does he allege any facts to support tolling based on equitable principles.

because Plaintiff filed his notice before the last 90 days of the expiration of the statute of limitations. The statute of limitations is not tolled by Code of Civil Procedure Section 352.1, because Plaintiff is serving a life sentence without the possibility of parole. As a result, Plaintiff's state law claim for professional negligence is time-barred and therefore subject to dismissal.

## Conclusion

Based on the foregoing, the Court **GRANTS** Defendant's motion for partial judgment on the pleadings and **DISMISSES** Plaintiff's professional negligence claim without prejudice.

**IT IS SO ORDERED**.

DATE: November 5, 2018

HON. MICHAEL M. ANELLO
United States District Judge