# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN JR., CDCR #AE-1543,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et.al.,<br><br>Defendant. | Case No.: 3:16-cv-2713-MMA-KSC<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**<br><br>[Doc. No. 65] |

Plaintiff Columbus Allen Jr., currently incarcerated at California State Prison in Calipatria ("CSP-CAL"), is proceeding *pro se* in this civil rights action against Defendant Doctor Christopher Lai. Plaintiff objects to United States Magistrate Judge Karen S. Crawford's Order denying Plaintiff's requests for a court-appointed expert and assistance of counsel. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections.

## BACKGROUND

Plaintiff's allegations are based on a steroid shot administered by Defendant on September 10, 2015.[1] Defendant allegedly failed to obtain Plaintiff's informed consent before administering the shot, and Plaintiff became ill the following day as a result of the shot. Based on these facts, Plaintiff has five remaining causes of action against Defendant: (1) battery, (2) a violation of his 8th Amendment rights against cruel and unusual punishment, (3) a deprivation of his constitutional right to due process, (4) a violation of California Civil Code Section 52.1, and (5) negligence per se.

Plaintiff first requested the voluntary assistance of counsel on May 15, 2017. *See* Doc. No. 31.[2] The Court denied that request based on Plaintiff's failure to show exceptional circumstances warranting the assignment of counsel. *See* Doc. No. 37. Plaintiff filed a request for a court-appointed expert and a second request for voluntary assistance of counsel on May 3, 2018. *See* Doc. No. 53. Judge Crawford denied both requests on September 13, 2018, for reasons discussed below. *See* Doc. No. 63. On September 23, 2018, Plaintiff filed a motion seeking "reconsideration" of Judge Crawford's Order. *See* Doc. No. 65. Substantively, Plaintiff invokes this Court's review by objecting to the Order pursuant to Federal Rule of Civil Procedure 72. *See* Fed. R. Civ. P. 72(a).

## DISCUSSION

### I. Legal Standard

In reviewing a magistrate judge's decision, the district court's function "is not to decide what decision [the district court] would have reached on its own, nor to determine what is the best possible result considering all available evidence." *Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.,* No. 07CV90, 2007 U.S. Dist. LEXIS 90893, at

---

[1] Plaintiff's allegations are set forth in detail in the Court's November 5, 2018 Order granting Defendant's motion for partial judgment on the pleadings. *See* Doc. No. 66.

[2] All citations refer to the document and pagination assigned by the CM/ECF system.

*4 (S.D. Cal. Dec. 11, 2007) (internal citations omitted). Rather, the Court's function "is to decide whether the Magistrate Judge, based on the evidence and information before [her], rendered a decision that was clearly erroneous or contrary to law." *Id.* "Under Rule 72(a), [a] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

## II. Analysis

### A. Plaintiff's Request for an Expert

Title 28, United States Code, Section 1915, does not authorize the expenditure of public funds for expert witnesses. *See* 28 U.S.C. § 1915. However, under Federal Rule of Evidence 706, a district court has discretion to appoint a neutral expert witness compensated, not with public funds, but ". . . by the parties in the proportion . . . that the court directs–and the compensation is then charged like other costs." Fed. R. Civ. P. 706(c)(2). "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702(a). Rule 706 "is drafted to avoid such a situation where the only reason why a case would not proceed to trial is the presence or absence of an expert witness rather than the merits of a plaintiff's claims." *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1181 n.9 (E.D. Cal. 2011). Rule 706 requires the court to "expressly articulate a reasoned explanation for its determination." *Id.* at 1178 (holding when a magistrate judge does not provide an explanation their ruling is erroneous).

In deciding whether to appoint an expert, the most important thing a court must consider is if an expert witness will promote accurate factfinding. *Id.* at 1179, 1182. ("Expert witnesses are rarely appointed under Rule 706 because the adversary system is

usually sufficient to promote accurate factfinding.") The contention of accurate factfinding is lessened when the plaintiff is a *pro se* prisoner, yet an "expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." *Id.* at 1181-1182. In evaluating if an expert will promote accurate factfinding, a court should assess if the action involves complex scientific evidence or complex issues. *See Skylstad v. Reynolds*, 248 F. App'x 808, 810 (9th Cir. 2007) (holding in prisoner's 42 USCS § 1983 action for medical malpractice, retaliation, excessive force, deliberate indifference to medical needs, unlawful search and seizure, and due process violations, the district court did not error in declining to appoint experts to assist prisoner because action did not involve complex scientific evidence of complex issues).

Beyond considering whether an expert is necessary for accurate factfinding, a court should also consider

> (1) Whether expert testimony is necessary or significantly useful for the trier of fact to comprehend a material issue in a case[,] (2) Whether the moving party has produced some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony[,] (3) Whether certain circumstances or conditions of a party limit the effectiveness of the adversary process to result in accurate factfinding[, and] (4) Whether the legal basis of plaintiff's claim entitles him to special consideration by the courts.

*Gorton*, 793 F. Supp. 2d at 1185.

Plaintiff objects to Judge Crawford's decision to deny him an expert as clearly erroneous, contrary to law, and lacking evidentiary support. Plaintiff argues the decision is contrary to law because a lay-person is not going to understand the specificity of the chemical compounds in the shot administered by Defendant, nor does a lay-person have the knowledge to understand if the injection is the proximate cause of Plaintiff's injuries. Plaintiff believes that the complexity of this matter requires the court to appoint an expert under *Gorton v. Todd*. He also assumed that an expert would be appointed for him because Judge Crawford set deadlines related to expert evidence in the Scheduling Order.

*See* Doc. No. 50. Plaintiff further contends that Judge Crawford erroneously considered the expert's compensation as a basis denying Plaintiff's request, contrary to *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993).

Judge Crawford explained her reasonable decision to deny Plaintiff's request for an expert. She rationalized that the Eighth Amendment "deliberate indifference" standard does not demand an expert, nor special consideration by the courts, because lay-people generally are able to understand the severity of medical issues.[3] *See* Doc. No. 63 at 6. She explained that the facts presented in this case are not complex in nature, and a lay-person's knowledge is sufficient to grasp the issues.[4] *See id.* at 7.

In this case, the Court agrees that an expert will not help the jury understand or comprehend evidence, nor would it provide for more accurate fact finding than without an expert. Plaintiff's status as a *pro se* prisoner does not pose an impediment, as the facts and issues in this case are readily comprehendible.[5] And contrary to Plaintiff's contention, an expert's compensation had no bearing on Judge Crawford's decision. Additionally, it is standard for the Court to issue a Scheduling Order with deadlines related to expert discovery. Plaintiff misconstrued the meaning of those deadlines, which were not meant to suggest that the Court intended to appoint an expert. *See* Fed. R. Civ.

---

[3] Although Judge Crawford discussed only Plaintiff's Eighth Amendment claim in depth in the order, her analysis applies equally to all of Plaintiff's remaining claims.

[4] The analysis may be different in considering a medical malpractice claim, however, the Court dismissed Plaintiff's professional negligence claim as time-barred. *See* Doc. No. 66.

[5] Plaintiff claims that without an expert a lay-person will not understand the chemical compounds of the shot, nor how the injection proximately caused Plaintiff's injuries. However, a trier of fact is not evaluating those claims at this time. As such, an expert is not necessary. If an expert is needed to present information to help a trier of fact, the Court may appoint an expert accordingly. *Gorton*, 793 F. Supp. 2d at 1184-85. ("While it may be appropriate to deny a request made at a point in litigation where evidence is not being evaluated as not being necessary at the time, when the court or the trier of fact is evaluating evidence, courts cannot rely on such a minimal explanation. Rather, in those circumstances where the timing is appropriate, the court should discuss the merits of the request.").

5

P. 16 (requiring the court to issue a scheduling order with discovery deadlines in all cases).

Accordingly, the Court **OVERRULES** Plaintiff's objection.

### B. Plaintiff's Request for Assistance of Counsel

Plaintiff does not have a "constitutional right to appointed counsel in a [civil matter]." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other grounds by *Rand v. Rowland*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)). However, the court may appoint counsel only in "exceptional circumstances" under section 1915(d). *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991). In analyzing exceptional circumstances, a court needs to evaluate both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Judge Crawford did not err in refusing to appoint counsel in this action. Plaintiff claims Judge Crawford's denial of his request for assistance of counsel is contrary to law because Plaintiff can demonstrate exceptional circumstances that require the appointment of an attorney. Plaintiff argues that his claims are complex, and that he is likely to succeed on the merits because the Court set a trial date, which "infers 'a likelihood of success on the merits' exist [sic]." Doc. No. 53 at 5. Plaintiff does not cite any authority for this proposition, and he does not articulate why he has a likelihood of success on the merits. Setting a trial date is standard procedure, regardless of the merits of a party's claims. *See* Fed. R. Civ. P. 16 (requiring the court to issue a scheduling order and set a date for trial in all cases). Judge Crawford determined that she was unable to assess Plaintiff's likelihood of success based on the current record, and that determination does not warrant a finding of exceptional circumstances. *See Garcia v. Blahnik,* No. 14cv875-LAB-BGS, 2016 U.S. Dist. LEXIS 107864, at *3 (S.D. Cal. Aug. 15, 2016) ("Where the

court has insufficient information to determine the likelihood of success, the likelihood of success factor does not support a finding of exceptional circumstances.").

More importantly, even though Plaintiff is proceeding *pro se*, he has demonstrated sufficient writing ability and legal knowledge to articulate his claims. As noted above, the alleged facts and issues raised are not of substantial complexity. Lastly, Plaintiff argues that he needs counsel to develop further facts and advance the merits of his claim against Defendant. This does not warrant appointment of counsel. *See Wilborn,* 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

Accordingly, the Court **OVERRULES** Plaintiff's objection.

## CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections to Judge Crawford's Order.

**IT IS SO ORDERED**.

DATE: November 7, 2018

HON. MICHAEL M. ANELLO
United States District Judge