# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN JR., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY BEARD, et.al., <br><br> Defendant. | Case No.: 3:16-cv-2713-MMA-KSC <br><br> **ORDER GRANTING DEFENDANT LAI'S MOTION FOR SUMMARY JUDGMENT** <br><br> [Doc. No. 68] |

Plaintiff Columbus Allen Jr., a California inmate proceeding *pro se*, brings this action against Defendant Dr. Lai, alleging, *inter alia*, violation of his Eighth Amendment right to adequate medical care.[1] Dr. Lai moves for summary judgment in his favor. *See* Doc. No. 68. The Court notified Plaintiff of the requirements for opposing summary judgment pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). *See* Doc. No. 69. Plaintiff filed a response in opposition, to which Dr. Lai replied. *See* Doc. Nos. 74, 76. The Court took the matter under submission on the briefs pursuant to Civil Local

---

[1] Plaintiff originally brought this action against eighteen additional defendants. *See* Doc. No. 1. The Court dismissed Plaintiff's claims against seventeen of those defendants. *See* Doc. No. 38. Dr. Lai is the only remaining defendant in this action who has been properly served with the summons and complaint.

1

Rule 7.1.d.1 and Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court **GRANTS** Dr. Lai's motion.

## BACKGROUND

Plaintiff's claims arise out of events relating to Dr. Lai's treatment of Plaintiff's chronic left wrist pain between September 10, 2015 and October 22, 2015.[2] On August 20, 2015, Plaintiff was examined by a nurse practitioner based on his complaints of pain in his left wrist. After reviewing X-rays of the afflicted wrist, and seeing no abnormalities, the nurse practitioner referred Plaintiff to Dr. Lai for an orthopedic consult, wrist brace, and possible steroid injection. On September 10, 2015, Dr. Lai examined and diagnosed Plaintiff as suffering from De Quervain's tenosynovitis of the left wrist, "a painful condition that affects the tendons on the thumb side of the patient's wrist. It is the result of inflammation of the tendons in the wrist that connect to the lower thumb via a small connecting tunnel structure. Inflammation causes restriction of movement and pain." Lai Decl. ¶ 9. Dr. Lai administered a steroid-based injection to Plaintiff's left wrist to reduce swelling and irritation.

The following day, Plaintiff suffered from "chills and violent stomach pains producing green runny stool with slimy blood, and a deformity emerged at the injection site of the shot in the days following." Compl. ¶ 10. These symptoms persisted for an additional day, ceasing completely when Plaintiff "withheld milk" from his diet. *Id.* at 106.

---

[2] These material facts are taken from Dr. Lai's Separate Statement of Undisputed Material Facts and supporting exhibits, including certified and authenticated copies of Plaintiff's pertinent medical records; Plaintiff's Response to Dr. Lai's Separate Statement; and the declarations and exhibits submitted by Plaintiff in support of his opposition to Dr. Lai's motion for summary judgment. Plaintiff's verified complaint also may be used as an opposing affidavit under Rule 56, to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated, under penalty of perjury, contents were true and correct, and allegations were not based purely on information and belief but rather on personal knowledge). Where a material fact is in dispute, it will be so noted. Facts that are immaterial for purposes of resolving the current motion are not included in this recitation.

On September 24, 2015, Dr. Lai examined Plaintiff once again. The swelling in Plaintiff's left wrist had lessened and Plaintiff reported reduced but continuing pain. Based on Plaintiff's persistent pain, Dr. Lai ordered an MRI of the left wrist to evaluate the tendons and ligaments. The MRI showed "intact fibrocartilage and intraosseous ligaments" as well as "evidence of very mild wrist joint arthritis." Lai Decl. ¶ 16. The MRI did not reveal a "cyst or other abnormality that would account for the left wrist pain." *Id*. After viewing the MRI results, on October 22, 2015, Dr. Lai examined Plaintiff a final time and referred Plaintiff to a hand specialist for evaluation. The hand specialist ultimately confirmed Dr. Lai's diagnosis of De Quervain's tenosynovitis in Plaintiff's left wrist and performed a surgical procedure to treat the condition.

Based on these events, Plaintiff brings an Eighth Amendment inadequate medical care claim against Dr. Lai, as well as several state law claims.[3] Dr. Lai moves for summary judgment, arguing that the undisputed facts demonstrate that Plaintiff received adequate medical treatment consistent with the applicable standard of care.

## **LEGAL STANDARD**

"A party may move for summary judgment, identifying each claim or defense – or

---

[3] In his complaint, Plaintiff also brings his inadequate medical care claim as a Fourteenth Amendment due process cause of action. However, the Eighth Amendment is the more explicit textual source of constitutional protection. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) ("the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners in cases . . . where the deliberate use of force is challenged as excessive and unjustified" and "in these circumstances the Due Process Clause affords respondent no greater protection than does the Cruel and Unusual Punishments Clause."). Moreover, "substantive due process rights do not extend to the choice of type of treatment." *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1050 (9th Cir. 2000). With respect to procedural due process, the negligent deprivation of a protected interest by the state does not violate due process if the state furnishes an adequate post-deprivation remedy, which California provides in this instance and Plaintiff so availed himself. *See Parratt v. Taylor*, 451 U.S. 527, 541 (1981); Cal. Gov't Code §§ 810-895. In his response in opposition to the instant motion, Plaintiff newly styles his inadequate medical care claim as arising under the Equal Protection Clause of the Fourteenth Amendment. However, a defendant must have "fair notice" of the claims and the grounds for relief. As such, Plaintiff may not raise new claims or new grounds for relief in opposition to Dr. Lai's summary judgment motion. *See Pickern v. Pier I Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006).

the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it could affect the outcome of the suit under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248.

The party opposing summary judgment cannot "rest upon the mere allegations or denials of [its] pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir.), cert. denied, 555 U.S. 827 (2008) (internal quotation marks omitted). In applying the standard set forth under Rule 56, district courts must "construe liberally motion papers and pleadings filed by *pro se* inmates and . . . avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

### DISCUSSION

**1. Eighth Amendment Claim**

Prisons must provide medical care for their prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Failure to do so can amount to an Eighth Amendment violation under 42 U.S.C. § 1983. *Id.* at 105. To succeed on an Eighth Amendment claim for inadequate medical care, a plaintiff must show "deliberate indifference" to his "serious medical needs." *Id.* at 104. This includes "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard— deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

To satisfy the objective standard, a plaintiff must prove the existence of a serious medical need. *See Estelle*, 429 U.S. at 104. A serious medical need exists whenever failure to provide treatment "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc) (internal quotation marks omitted). "Indications that a plaintiff has a serious medical need include 'the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *McGuckin*, 974 F.2d at 1059-60).

The Ninth Circuit has summarized the requirements for establishing the subjective element of an Eighth Amendment claim for inadequate medical care:

> A prison official is deliberately indifferent under the subjective element of the test only if the official knows of and disregards an excessive risk to inmate health and safety. This requires more than ordinary lack of due care. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. In deciding whether there has been deliberate indifference to an inmate's serious medical needs, we need not defer to the judgment of prison doctors or administrators.

*Colwell*, 763 F.3d at 1066 (internal quotations, alterations, and citations omitted). Importantly, in order to establish that a defendant acted with deliberate indifference, a plaintiff must show more than misdiagnosis, medical malpractice, or even gross negligence. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A finding "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical

5

3:16-cv-2713-MMA-KSC

malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Jett*, 439 F.3d at 1096; *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004). Even gross negligence is insufficient to establish deliberate indifference. *See Toguchi*, 391 F.3d at 1060.

In this case, there is no dispute that Plaintiff suffered from a serious medical condition, to wit, chronic left wrist pain due to De Quervain's tenosynovitis. There is also no dispute that Dr. Lai knew about Plaintiff's condition. The controversy revolves around the manner in which Dr. Lai treated Plaintiff. However, this case does not present a situation where Plaintiff failed to obtain needed medical care. Plaintiff received a medically-appropriate first line treatment for inflammation and pain in his left wrist. The gravamen of Plaintiff's complaint is that Dr. Lai failed "to disclose information about the shot and possible side effects," and failed to obtain Plaintiff's informed written consent prior to administering the steroid injection. Compl. ¶ 9. Plaintiff claims that had he been "fully informed, he would have sought alternative treatment." *Id.*

Plaintiff stops short of alleging a complete lack of consent.[4] Rather, Plaintiff argues that Dr. Lai "was obligated to create a record bearing [Plaintiff's] signature to substantiate his acknowledgement and understanding of treatment options." Pl. Resp. to Def. SSUF ¶ 9. Plaintiff argues that written informed consent is required under the applicable regulations which provide that "[w]hen unusual, serious or major health care procedures are indicated and time and circumstances permit, the patient's specific written informed consent shall be obtained before treatment is undertaken." Tit. 15, Cal. Code Reg., sec. 3999.202. But even assuming that a steroid injection constitutes an "unusual, serious or major" procedure, Dr. Lai's failure to follow a state departmental regulation

---

[4] In his response in opposition to the instant motion, Plaintiff avers that Dr. Lai obtained his verbal consent "via duress of coercion." Pl. Decl. ¶ 21. However, factual allegations of coercion or duress "were not part of the original complaint," *Pickern*, 457 F.3d at 969, and Plaintiff's summary reference in his complaint to California Civil Code § 52.1 was not sufficient to give Dr. Lai "fair notice" of the *factual* allegations against him. Plaintiff may not raise new factual allegations in opposition to Dr. Lai's summary judgment motion. *Id.* at 968.

6

alone does not establish a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009) (failure to follow internal prison policy does not amount to a constitutional violation).

Plaintiff further notes that Dr. Lai has presented "no record" that he disclosed possible side effects to Plaintiff and "no record" that he "had discretion to, or actually did, obtain [Plaintiff's] verbal consent to the injection." *Id.* ¶¶ 10-11. Essentially, Plaintiff points to Dr. Lai's treatment notes, which do not indicate on their face whether Plaintiff consented to the injection. However, Dr. Lai offers a sworn declaration in which he states that he "verbally explained [to Plaintiff] the nature of the condition, the proposed injection, the reasons for the injection and the potential side effects and risks," after which Plaintiff consented to receiving the injection. Lai Decl. ¶ 11. Even assuming Dr. Lai did not provide Plaintiff with sufficient information regarding the injection and possible side effects, "'when the patient consents to certain treatment and the doctor performs that treatment but an undisclosed inherent complication with a low probability occurs, no intentional deviation from the consent given appears; rather, the doctor in obtaining consent may have failed to meet his due care duty to disclose pertinent information. In that situation the action should be pleaded in *negligence*.'" *Moran v. Selig*, 447 F.3d 748, 758 (9th Cir. 2006) (quoting *Cobbs v. Grant*, 8 Cal.3d 229, 239 (1972)) (emphasis added).

No reasonable jury could find on the basis of the current record that Dr. Lai acted with the type of deliberate indifference that satisfies the subjective standard of Plaintiff's Eighth Amendment claim. To prevail, Plaintiff must demonstrate "that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted). Plaintiff has not made any such showing. Viewing the facts in the light most favorable to Plaintiff, he has demonstrated no more than a negligence claim which does not rise to the level of "cruel and unusual punishment" proscribed by the Eighth

Amendment. *See Estelle*, 429 U.S. at 106. As such, there is no genuine dispute of material fact suitable for trial, and summary judgment in favor of Dr. Lai as to Plaintiff's Eighth Amendment claim is appropriate.

### 2. *State Law Claims*

Plaintiff also brings claims against Dr. Lai arising under California law, including battery, negligence per se, and a violation of California's Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1. The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Nevertheless, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c)(3).

The Court has determined that Dr. Lai is entitled to judgment as a matter of law in his favor on Plaintiff's Eighth Amendment claim – the sole claim over which the Court has original jurisdiction. "[I]n the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (identifying relevant factors as "judicial economy, convenience, fairness and comity.")). The Court finds that the values of "judicial economy, convenience, fairness, and comity" weigh in favor of declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Dr. Lai.

### 3. *Unserved Defendant*

Although a named defendant in this action, Plaintiff has not served Defendant Ball with the summons and complaint in this case. The United States Marshal attempted to serve Ball, but was unable to do so with the information provided by Plaintiff. *See* Doc.

No. 6. On March 14, 2017, the summons was returned to the United States Marshal unexecuted. *Id*. According to the prison litigation coordinator, Defendant Ball was not employed at the facility. *Id*. There is no record of any further attempts to serve Ball.

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Likewise, pursuant to Civil Local Rule 4.1, "[a]ll complaints must be served within ninety (90) days." SD CivLR 41.1.a. If service cannot be accomplished due to a *pro se* plaintiff's "neglect" or "fault," including the plaintiff's failure to provide sufficient information to identify or locate the defendant, dismissal is appropriate. *See Walker v. Sumner*, 14 F.3d 1415, 1421-1422 (affirming dismissal of claims against an unserved defendant under Rule 4(m) where the prisoner had not shown that "he provided the marshal with sufficient information to serve [the defendant]"). Moreover, dismissal is appropriate pursuant to Civil Local Rule 41.1 for "[f]ailure to comply with the provisions of the local rules" and for "want of prosecution." SD CivLR 41.1.a, b.

Plaintiff failed to provide the United States Marshal with sufficient information to serve Defendant Ball. Plaintiff has been on notice since March 2017 that Ball was not served, yet Plaintiff took no action to remedy the situation. As such, the Court advises Plaintiff that it may dismiss Plaintiff's claims against Ball without prejudice for failure to serve under Federal Rule of Civil Procedure 4(m) and Civil Local Rules 4.1 and 41.1. Prior to doing so, the Court must provide notice and allow Plaintiff an opportunity to respond. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). Accordingly, the Court does so now.

### Conclusion

Based on the foregoing, the Court **GRANTS** Dr. Lai's motion for summary judgment. The Court **DISMISSES** Plaintiff's Eighth Amendment claim against Dr. Lai with prejudice. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Dr. Lai and therefore **DISMISSES** those

claims without prejudice.  The Court **DIRECTS** the Clerk of Court to administratively terminate this action as to Dr. Lai.[5]

The Court **ORDERS** Plaintiff to show cause in writing **within twenty-one (21) days of the date this Order is filed** why this action should not be dismissed without prejudice as to Defendant Ball based on Plaintiff's failure to serve Ball with the summons and complaint within the time required by Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

DATE: June 17, 2019

HON. MICHAEL M. ANELLO
United States District Judge

---

[5] Upon final disposition of Plaintiff's remaining claims against Defendant Ball, the Court will direct the Clerk of Court to enter a separate judgment in favor of Dr. Lai.  *See* Fed. R. Civ. P. 58(a).